■ In the Matter of GLORIA HOLLOWAY et al., Appellants, v RHODA S. JACOBS et al., Respondents, and FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents.—In a proceeding, *inter alia,* to invalidate petitions designating Rhoda S. Jacobs et al., as candidates in the Democratic Party primary election to be held on September 9, 1980 for the office, *inter alia,* of Member of the Assembly from the 43rd Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 28, 1980, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. No opinion. Hopkins, J. P., Lazer, Rabin and Margett, JJ., concur.

■ In the Matter of JOYCE A. KEOUGH, Respondent-Appellant, v SANDRA LEFEVER et al., Constituting the Board of Elections of Rockland County, Respondents, and JOSEPH HALFON, Intervenor-Appellant-Respondent.—In a proceeding to compel the Board of Elections of Rockland County to provide "an opportunity to ballot to the Democratic voters" of the 95th Assembly District in the Democratic Party primary election to be held on September 9, 1980 for the public position of Member of the State Assembly, 95th Assembly District, the appeals are from a judgment of the Supreme Court, Rockland County, entered August 22, 1980, which granted Joseph Halfon leave to intervene and granted the application. Judgment affirmed, without costs or disbursements. No opinion. Gibbons, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.

■ In the Matter of IRMA RODRIGUEZ, Respondent, v RICHARD A. IZZO, Appellant, and SUSAN L. HUROWITZ et al., Respondents.—In a proceeding, *inter alia,* to invalidate a petition designating Richard Izzo as a candidate in the Democratic Party primary election to be held on September 9, 1980 for the public office of Representative to the United States Congress from the 14th Congressional District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1980 which granted the application. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and the board of elections is directed to place the name of Richard Izzo on the appropriate ballot. There was insufficient evidence to support Special Term's finding that the designating petition was permeated by fraud. The testimony of 12 signatories on the issue of whether they were requested to, and did in fact, swear that the statements made and subscribed by them on the designating petition were true was insufficient to warrant the invalidation of the 984 signatures obtained by the three commissioners of deeds, Steven Izzo, Richard Izzo and James G. Fennessy. Under these circumstances, sufficient valid signatures remain so as to require the validation of the designating petition. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.